

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2002

# USA v. Nissenbaum

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Nissenbaum" (2002). *2002 Decisions.* Paper 691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  01-2599

UNITED STATES OF AMERICA

v.

ROBERT M. NISSENBAUM,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00570)
District Judge: Honorable Jay C. Waldman

Submitted Under Third Circuit LAR 34.1(a)
on June 13, 2002

Before: ROTH, RENDELL
and ROSENN, Circuit Judges

(Opinion filed October 30, 2002)

O P I N I O N

ROTH, Circuit Judge:

This appeal follows a jury trial at which the appellant, Robert Nissenbaum, was convicted on 19 counts of mail fraud under 18 U.S.C. § 1341 and sentenced to 21 months in prison. Nissenbaum contends on appeal that (1) the District Court abused its discretion in declining to hold a hearing on Nissenbaum's pretrial motion to dismiss the indictment for prosecutorial misconduct, and (2) Nissenbaum is entitled to a new trial because the indictment was based on an allegedly legally invalid theory of mail fraud, which error was allegedly compounded by the instructions given to the jury.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review a denial of a hearing on a pretrial motion for an abuse of discretion, see United States v. Voigt, 89 F.3d 1050, 1066-1068 (3d Cir.), cert. denied, 519 U.S. 1047 (1996), and review for plain error jury instructions to which no objection was preserved at trial. See United States v. Antico, 275 F.3d 245, 265 (3d Cir. 2001).

The facts of this case will not be recited here as they are well known to the parties.

Nissenbaum claims that the District Court abused its discretion in declining to hold a pretrial hearing on his allegation that the government investigation involved prosecutorial misconduct. He contends that the government acted impermissibly by allowing him to submit to a deposition without informing him that he was the subject of a criminal investigation.

A defendant seeking a hearing on the prosecutor's alleged investigative misconduct must make a prima facie showing of the alleged wrongdoing. See generally United States v. Armstrong, 517 U.S. 456, 463-468 (1996). Nissenbaum failed to demonstrate

2

unconstitutional conduct by the government. The District Court gave Nissenbaum the opportunity to renew his motion for a hearing by filing affidavits which would support his allegations of collusion. Nissenbaum failed, however, to effectively support these allegations. Thus, we hold that the District Court did not abuse its discretion in denying Nissenbaum's motion without a hearing.

Nissenbaum also alleges that he is entitled to a new trial because the indictment was based on a legally invalid theory of mail fraud[1] and that this error was compounded by the instructions given to the jury. He agues that the jury instruction was insufficient because it permitted the jury to find concealment if it found Nissenbaum had stated "half-truths, or failed to disclose facts." He urges instead that we should hold that a duty to disclose is required in order for nondisclosure to fall within the scope of the mail fraud statute. The indictment against Nissenbaum charged, however, that he made communications which included material omissions or at best, half-truths. Thus, the allegations against Nissenbaum were more than a simple failure to disclose. Mail fraud "must involve some sort of fraudulent misrepresentations or omissions reasonably calculated to deceive . . .." United States v. Pearlstein, 576 F.2d 531, 535 (3d Cir. 1978). Such "'fraudulent representations' [under § 1341] may be effected by deceitful statements of half-truths or the concealment of material facts . . .." United States v. Olatunji, 872 F.2d 1161, 1167 (3d

---

[1]Nissenbaum did not raise this objection in the District Court and thus we can construe the indictment liberally in favor of validity. See United States v. Cefaratti, 221 F.3d 502, 507 (3d Cir. 2000).

3

Cir. 1989) (quoting <u>United States v. Allen</u>, 554 F.2d 398, 410 (10th Cir.1977)).

Nissenbaum made false statements concealing material facts to Provident in describing his daily routine and he failed to make any reference to the bookstore he owned. We conclude that the indictment properly charged false statements and material misrepresentations and omissions. Thus, it did not rest on an invalid theory. Further, the District Court properly charged the jury on the elements of a fraudulent scheme; indeed, it did so along the lines suggested by Nissenbaum.

For the aforementioned reasons, we will affirm the order of judgment of the District Court.

_____

TO THE CLERK:

      Please file the foregoing Opinion.

                                By the Court,

                                /s/ Jane R. Roth
                                  Circuit Judge